SOUTHWESTERN LIFE INSURANCE COMPANY *v.* HILLSON.

Opinion delivered February 1, 1932.

*Willis B. Smith,* for appellant.

*T. S. Clark* and *T. B. Vance,* for appellee.

KIRBY, J. Appellee brought this suit upon a $500 insurance policy upon the life of her husband issued by appellant company in which she was named beneficiary.

The complaint alleged that the policy was in full force when the insured died, that proof of death was duly furnished, and that demand had been made for one-half the face of the policy, the amount due under its terms, and that payment had been refused.

The insurance company denied indebtedness upon the policy, pleaded a compromise settlement, and ex-

hibited a release signed by the beneficiary, the consideration of the same being the sum of $62.50. It alleged that the release was obtained from appellee, the beneficiary, on the 6th day of May, 1930, and, before the company could issue a check in that amount in fulfillment of the compromise, it was notified by Talbert, the father of the insured, that he was claiming the money due under the policy on the life of his son.

Upon the trial in the municipal court the appellant company tendered the beneficiary in the policy, appellee, the sum of $62.50 in fulfillment of the compromise agreement, which said sum was refused. Judgment was rendered in the municipal court for $250 with penalty and attorney's fee, and the case was appealed to the circuit court.

There the appellant again tendered the beneficiary in open court the sum of $62.50, "in fulfillment of their previous compromise with said beneficiary," which was again declined. Upon the trial of the case in the circuit court the judge instructed a verdict for appellee in the sum of $250 with 12 per cent. penalty and $50 attorney's fee; and this appeal is from that judgment.

The undisputed testimony showed that the release pleaded in bar of the suit was executed by appellee, but also that the money agreed to be paid therefor had not been paid to appellee. It is true that appellant tried to explain as a reason for its nonpayment that other claimants to the insurance had developed and tendered the amount of the consideration for the release to appellee, both in the municipal and circuit courts, where it was declined. This was more than five months, however, after the release was procured, and certainly such instrument could not be binding on appellee nor a bar to her suit on the policy, since it was procured without payment of the money agreed to be paid therefor, as shown by the undisputed testimony. Appellant concedes this to be true, but appears to think its failure to comply with the terms of the agreement for the release was excused by demand of another claimant to the insurance due under the policy,

and that it had the right later to tender the money and complete the satisfaction of the new agreement. This, of course, could not be done. It admitted that it had not paid the consideration, under which the purported release was obtained, and there was no question for determination by the jury. There are other questions that need not be determined in view of this holding.

We find no error in the record, and the judgment is affirmed.